# IN THE COURT OF APPEALS OF IOWA

No. 18-1339
Filed September 26, 2018

IN THE INTEREST OF L.H.,
Minor Child,

D.M., Mother,
        Appellant,

T.H., Father,
        Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

A mother and father appeal the termination of their parental rights to a child.

**AFFIRMED ON BOTH APPEALS.**

Amanda J. Heims of Amanda J. Heims, PC, Council Bluffs, for appellant mother.

Kyle J. McGinn of McGinn, Springer & Noethe, PLC, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Roberta J. Megel of State Public Defender Office, Council Bluffs, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother and father appeal the termination of their parental rights to a child, born in 2016. The mother contends (A) the State failed to prove the grounds for termination cited by the district court, (B) the termination hearing should have been postponed, and (C) the district court should have declined to terminate her parental rights based on the closeness of the parent-child bond. The father contends (A) the State failed to prove the grounds for termination cited by the district court and (B) termination was not in the child's best interests given the closeness of the parent-child bond.

## I.  Mother

### A.  Grounds for Termination

The district court terminated the mother's parental rights under three statutory grounds. We may affirm if we find clear and convincing evidence to support any of the grounds. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

Iowa Code section 232.116(1)(h) (2017) requires proof (1) the child is three years of age or younger, (2) the child was adjudicated in need of assistance, (3) "the child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days," and (4) the child cannot be returned to the parents' custody. Our de novo review of the record reveals the following facts.

The mother has a fourteen-year history of methamphetamine abuse and a seventeen-year history of marijuana abuse. The child was born with marijuana in his system. He was removed from the mother's care shortly after the birth.

The mother progressed with reunification services, and the child was returned to her custody. In July 2017, just two months after the return, the child was removed again when the department of human services discovered the parents were using methamphetamine while caring for him. The child was adjudicated in need of assistance.

Preliminarily, the mother maintains the six-consecutive-month removal period was not satisfied because she had unsupervised visits with the child in December 2017. *See* Iowa Code § 232.116(1)(h)(3). She cites no authority for the proposition that unsupervised visits would disrupt the removal time frame. Be that as it may, section 232.116(1)(h)(2) was satisfied. The subsection contains two alternatives: (1) removal for at least six of the last twelve months or (2) removal for the last six consecutive months with a home trial period of less than thirty days. *See In re E.M.*, No. 17-1398, 2017 WL 6026721, at *3 (Iowa Ct. App. Nov. 22, 2017). Under the first alternative, the child was removed in July 2017, and the termination hearing took place in June 2017. The child was out of the home for at least six of the twelve months up to and including the month of the termination hearing. Under the second alternative, the child was out of the home for at least six consecutive months. There was no trial home placement in December 2017 or at any time following the July 2017 removal.

We turn to the fourth element—whether the child could be returned to the mother's custody. The mother was in prison at the time of the termination hearing, and her tentative discharge date was in 2021. When asked whether it was true the child could not be returned to her custody at the time of the termination hearing, she responded, "That is true." She went on to state, "I'm just asking that [the

department] not terminate my rights, allow [the child] to stay with [the foster parent] until I can, maybe, possibly be paroled, and to just extend this for, maybe, another six-month period due to the fact that I'm not able to be there right now." Her request implicates the next two issues rather than the cannot-be-returned element. The State proved the child could not be returned to the mother's custody

### B. Continuance

The mother contends the district court should have postponed the termination hearing to allow her to pursue reunification services in prison. Our review of a ruling on a motion for a continuance is for an abuse of discretion. *In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013).

The mother admitted the prison lacked a substance abuse treatment program. But even if one were available, the mother's history with treatment did not bode well. Before her incarceration, the department offered treatment and other reunification services for approximately two years. Three drug patches applied just before she went to prison were positive for methamphetamine, a patch requested of her in late 2017 was refused, and the mother failed to appear for application of a patch in the week preceding the refusal. Given this history, we conclude the district court did not abuse its discretion in denying her motion to continue the termination hearing.

### C. Bond with Child

The mother contends the district court should have declined to terminate her parental rights due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). The department case manager acknowledged the mother was "bonded with" the child. But, as the district court pointed out, the child spent

the lion's share of his young life out of her care and there was little likelihood the mother would be in a position to resume his care in the imminent future. Under these circumstances, we conclude the termination was warranted.

## II.  Father

### A.  Grounds for Termination

The department terminated the father's parental rights to the child on the same statutory grounds as the mother. Again, we focus on Iowa Code section 232.116(1)(h).

The father also had a long-term addiction to methamphetamine. Although he tested negative for several months, he refused to appear for six consecutive drug tests preceding the termination hearing. Because his failure to maintain sobriety while caring for the child was the impetus for the child's removal, we agree with the district court that his refusal to undergo drug testing could be viewed as a return to drug use, which foreclosed a return of the child to his custody.

### B.  Closeness of Parent-Child Bond

Like the mother, the father points to the parent-child bond as reason to reverse the termination decision. The bond was not sufficient to overcome the significant health and safety risks to the child. As the department case manager stated,

> A reunification period had happened with a case closure that resulted in a new case opening with the exact same concerns not even two months later. There's a concern that we could not reunify today. There's no estimate that we could reunify in the near future. [The child] deserves permanency. He deserves a stable life, and the indicators from the past roughly 22 months of his life just show that he's not going to be able to achieve a safe, stable permanency with his parents in the foreseeable future and that we have nothing to indicate that's coming soon.

We affirm the termination of the parents' rights to the child.

**AFFIRMED ON BOTH APPEALS.**